THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PATRICK BILES**<br>1508 River Trail Dr.<br>Grove City, OH 43123<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**BYERS AUTO GROUP**<br>427 South Hamilton Rd.<br>Columbus, OH 43213<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>: CASE NO. 2:23-cv-3015<br>:<br>: JUDGE<br>:<br>: MAGISTRATE JUDGE<br>:<br>: **Jury Demand Endorsed Herein**<br>:<br>:<br>:<br>: |

## COMPLAINT

NOW COMES Plaintiff Patrick Biles ("Plaintiff") and proffers this Complaint for damages against Defendant Byers Auto Group ("Defendant").

## THE PARTIES

1.　　　　Plaintiff is a natural person residing in Franklin County, Ohio.

2.　　　　Defendant is a domestic corporation doing business in the Southern District of Ohio.

3.　　　　At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq.

("ADEA"), the Family Medical Leave Act, 29 U.S.C. § 2611(2), and by O.R.C. Chapter 4112.

4. Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq. ("ADEA"), the Family Medical Leave Act, 29 U.S.C. § 2611(2), and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

5. This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq. ("ADEA"), the Family Medical Leave Act, 29 U.S.C. § 2611, the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

7. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A."

## FACTUAL BACKGROUND

8. Plaintiff Patrick Biles ("Plaintiff") was hired by Defendant Byers Auto Group ("Defendant") in or around October of 2016 as the Service Director at Defendant's Mazda/Subaru store in Columbus, Ohio.

9. Plaintiff left employment with Defendant in May 2017 and returned and was rehired as Service Director again in November 2020.

10. At all relevant times herein, Plaintiff was in the protected class based on age at sixty-three years old.

11. Plaintiff has several diagnosed disabilities requiring him to occasionally take time off work for treatment.

12. At all relevant times herein, Plaintiff suffered from the disabilities leukemia and ulcerative colitis.

13. Plaintiff has been in remission for four years from leukemia but takes daily medication to prevent recurrence.

14. For his ulcerative colitis, Plaintiff requires multiple procedures and infusions throughout the year to manage this disability, which requires some time off work.

15. In or around August 2022, Plaintiff discussed his diagnosed disabilities with his supervisor, Joe Day.

16. Plaintiff explained his need to take time off for upcoming appointments, procedures, treatment, and infusions related to his disabilities.

17. Plaintiff informed Mr. Day that he intended to use his personal vacation time when he received his treatments.

18. Rather than notify Plaintiff of his eligibility for FMLA leave, Mr. Day stated, "You work enough, you probably do not need to use vacation time."

19. Unaware of his eligibility for protected medical leave, Plaintiff submitted requests for personal vacation days for his time off related to his treatment.

20. On or about December 7, 2022, Plaintiff received a disciplinary action from Defendant's Corporate Headquarters. The action was a write up due to the "CSI needing to be improved" because Plaintiff "only hit it only two times in the past 12 months."

21. The write-up stated that the scheduling for customers "needs to be more current", but Plaintiff and his team were only scheduling service repairs nine days out.

22. Plaintiff reached out to HR regarding his disciplinary action to inform Defendant that the current situation was in fact improving. Plaintiff also cited the fact that Defendant recently hired a new General Manager (Joe Day.) Defendant's HR Team did not respond to Plaintiff's rebuttal.

23. On or about January 5, 2023, the company held a corporate meeting via GoTo Meetings, emphasizing its priority to lower healthcare costs. Plaintiff was in the meeting because all Byers managers were required to be on this call.

24. On or about January 7, 2023, Mr. Day and Plaintiff were discussing work related matters pertaining to Subaru vehicles in Plaintiff's office.

25. Plaintiff brought up the write up from the month prior. Mr. Day stated that the write-up came from corporate, and he reiterated the content of the write-up to Plaintiff.

26. Plaintiff expressed that he believed the write-up was not made in good faith and served to build a case against him to justify any future termination. Mr. Day reiterated

4

it was simply a corporate decision and assured Plaintiff it was nothing more than that, adding, "You're my guy."

27. On or about January 16, 2023, Mr. Day terminated Plaintiff. The proffered reason was due to Defendant "moving in another direction."

28. Shortly after his termination, Plaintiff discovered that three other employees in the protected class based on age and disability had also been terminated by Defendant under similar circumstances.

29. The proffered reason(s) for Plaintiff's termination are untrue and pretextual.

## COUNT I
### Interference – Family and Medical Leave Act

30. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten herein.

31. At all relevant times herein, Plaintiff was an eligible employee under the FMLA.

32. At all relevant times herein, Defendant was an eligible employer under the FMLA.

33. Plaintiff suffers from serious medical conditions, leukemia and ulcerative colitis.

34. Plaintiff notified Defendant of his serious medical conditions when he requested time off for treatment from supervisor Joe Day.

35. Plaintiff's serious medical conditions qualify for leave under the FMLA.

36. Defendant failed to notify Plaintiff of his eligibility for FMLA for his serious medical conditions, leukemia and ulcerative colitis.

37. Defendant denied benefits to which Plaintiff was entitled by failing to offer him FMLA leave for his serious medical conditions.

38. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA by failing to notify Plaintiff of his eligibility.

39. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT II
### Disability Discrimination – R.C. §4112.02

40. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

41. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code, including but not limited to the following physiological disorders or conditions: leukemia and ulcerative colitis.

42. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

43. Defendant knew Plaintiff was disabled and/or regarded him as disabled because Plaintiff requested time off for his disabilities during his employment with Defendant.

44. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disabilities.

45. Defendant discriminated against Plaintiff because of his disabilities by taking the following non-exhaustive list of actions: terminating his employment, retaliating

against him, fabricating reasons for his termination, treating him less favorably than similarly-situated non-disabled employees, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

47. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Disability Discrimination – Americans with Disabilities Act

48. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

49. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, et seq., and as defined in 42 U.S.C. § 12101.

50. Plaintiff is an otherwise qualified individual with a disability/disabilities.

51. Defendant knew or had reason to know Plaintiff suffered from a disabilities, and/or regarded him as disabled.

52. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disabilities.

53. Defendant discriminated against Plaintiff because of his disabilities by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, fabricating reasons for his termination, treating him less favorably than

similarly-situated non-disabled employees, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

54. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

55. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Age Discrimination – R.C. §4112.02

56. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

57. Plaintiff was born on September 3, 1959, and, at all times relevant hereto, was over 40 years of age, and therefore a member of a protected class based on age.

58. At all times relevant herein, Plaintiff was qualified for his position.

59. Plaintiff was a high performer with no significant history of any disciplinary or performance actions.

60. Defendant discriminated against Plaintiff on the basis of his age by abruptly terminating Plaintiff on January 16, 2023.

61. Defendant discriminated against Plaintiff on the basis of age by treating him less favorably than other younger employees in the terms and conditions of employment, in violation of Chapter 4112.02 of the Ohio Revised Code.

62. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

63. As a direct and proximate result of Defendant's conduct, Plaintiff suffered financial and emotional harm including shame, humiliation, embarrassment, and mental anguish.

64. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for all legal damages, including back pay, front pay, lost benefits, emotional distress, compensatory damages, attorneys' fees, costs and other relief available under Ohio Revised Code Chapter 4112, including, but not limited to punitive damages.

## COUNT V
### Age Discrimination – ADEA

65. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

66. This claim is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq., and as amended, for employment discrimination based on age.

67. Plaintiff was born on September 3, 1959 and, at all times relevant hereto, was over forty (40) years of age, and therefore a member of a protected class based on age.

68. At all times relevant herein, Plaintiff was qualified for his position.

69. Defendant discriminated against Plaintiff because of his age by abruptly terminating Plaintiff on January 16, 2023.

70. Defendant discriminated against Plaintiff on the basis of age by treating him less favorably than other younger employees in the terms and conditions of employment, in violation of the ADEA.

71. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

72. Defendant willfully discriminated against Plaintiff, in that Defendant knew or showed reckless disregard for the fact that its conduct was prohibited by the ADEA.

73. Defendant discriminated against Plaintiff on the basis of his age when it terminated him, treating Plaintiff less favorably than employees outside the protected group, in violation of the ADEA, entitling Plaintiff to the remedies contained therein, including but not limited to back pay, front pay, lost benefits, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

*/s/ Jamie R. Bailey*
Jamie R. Bailey (0099789)
(Jamie@thefriedmannfirm.com)
Rachel Sabo Friedmann (0089226)
(*Rachel@thefriedmannfirm.com)*
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
3740 Ridge Mill Dr
Hilliard, OH 43026
614-639-6477 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Jamie R. Bailey*
Jamie R. Bailey (0099789)